UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PAUL T. HILIGH,                     )
                                    )
        Petitioner,                  )
                                    )
        v.                           )    Civil Action No. 12-0497 (RWR)
                                    )
FRANCISCO J. QUINTANA, WARDEN,      )
                                    )
        Respondent.                  )
_____)

MEMORANDUM OPINION

    In this action brought *pro se*, petitioner, a District of Columbia prisoner incarcerated at the United States Penitentiary Victorville in Adelanto, California, seeks a writ of *habeas corpus*. He challenges his conviction entered by the Superior Court of the District of Columbia based on errors allegedly made by the District of Columbia Court of Appeals ("DCCA") and the Superior Court during the "fact finding procedure." Mem. of Law in Support of Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 at 2 ("Question(s) Presented"). Petitioner asserts, among other errors, that the DCCA's "reliance on *Coleman v. United States* is simply erroneous[,]" and he seeks "revers[al]" of the DCCA's decision[.]" *Id*. at 37. Because this action is based on a claim underlying an earlier action that was dismissed for want of jurisdiction, it, too, will be dismissed.

    Under the doctrine of res judicata, a claim previously adjudicated on the merits by a court of competent jurisdiction may not be relitigated in a new action, even if the latter action is predicated on a different legal theory. *See Graham v. Gonzalez*, No. 03-1951, 2005 WL 3276180, at *3-4 (D.D.C. Sept. 30, 2005). Courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v.*

*California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case." *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).  Furthermore, "the doctrine of res judicata [or claim preclusion] applies to dismissal[s] for lack of jurisdiction as well as for other grounds . . . ." *Dozier v. Ford Motor Co.*, 702 F. 2d 1189, 1191 (D.C. Cir. 1983); *see GAF Corp. v. United States*, 818 F.2d 901, 912-13 (D.C. Cir. 1987) ("[A] judgment ordering dismissal[] . . . will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal.").

"For claim preclusion to apply, there must be (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Graham*, 2005 WL 3276180 at *4 (citations and internal quotation marks omitted).  Petitioner has named the same warden in both actions and is challenging the same sentence of 37 years to life imposed by the Superior Court on May 12, 1994, following his convictions for assault with intent to kill, mayhem while armed, possession of a firearm during a crime of violence, carrying a pistol without a license, and possessing unregistered ammunition.  *Cf.* Pet. at 1 *with Hiligh v. Quintana*, Civ. Action No. 10-1717, Pet. at 2.

Here, petitioner makes similar arguments about the DCCA's review of his conviction that warranted dismissal of the prior action because "a federal district court lacks jurisdiction to review the decisions of the D.C. Court of Appeals." *Hiligh v. Quintana*, Civ. Action No. 10-

1717, 2010 WL 4069160, at *1 (D.D.C. Oct. 15, 2010); *see id*. ("[Petitioner] challenges his conviction entered by the Superior Court of the District of Columbia, but he particularly takes issue with the alleged misapplication of "controlling authority" by the [DCCA] on review of his conviction.") (citing Pet. at 5).

    Because petitioner has stated nothing in the instant petition to cure the foregoing jurisdictional defect, he is foreclosed from bringing this repetitive action.  A separate Order of dismissal accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: May 8, 2012         United States District Judge